UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

CLAUDIA CHATHA; SURINDER CHATHA; and DOES 1-10,

    Defendants.

No. C 18-07607 WHA

**ORDER DENYING *EX PARTE* APPLICATION FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION FOR ENTRY OF JUDGMENT**

Plaintiff commenced this action in December 2018 under the Americans With Disabilities Act and the Unruh Civil Rights Act for damages and injunctive relief. The complaint alleged one or more architectural barriers. Parties stipulated to dismissal pursuant to Rule 41(a)(1)(ii) in September 2019. Parties' settlement apparently called for monthly installment payments. According to plaintiff, defendant ceased paying in February 2021, and on May 11, 2021, plaintiff moved *ex parte* for entry of stipulated judgment.

District courts' jurisdiction over actions expire after stipulated dismissal. *See* FRCP 41(a)(1)(ii). When dismissal occurs pursuant to Rule 41(a)(1)(ii), a district court may incorporate the settlement agreement in the order. Or a district court may retain jurisdiction over the settlement with consent of the parties. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994). Absent such action, district courts lack jurisdiction over enforcement of a settlement agreement. *See ibid.*

Parties' stipulation for dismissal did not attach or mention the settlement agreement.  Nor did parties request that we retain jurisdiction to enforce the settlement.  Therefore, the prior order herein dismissing the action did not retain jurisdiction, and we now lack it (Dkt. No. 38). The motion is **DENIED**.  Any enforcement of the settlement agreement must be brought as a new action in state court or, if jurisdiction can be shown, in federal court.

**IT IS SO ORDERED.**

Dated:  June 8, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE